UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
UNITED STATES OF AMERICA

               -v-                                         18-CR-669-10 (JPO)

YISANDER RAMIREZ,                                   ORDER
                                Defendant.
---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      Defendant Yisander Ramirez has been charged along with thirteen codefendants with various firearms, narcotics, and racketeering offenses. (*See* Dkt. No. 24.) Following his arrest on April 17, 2019, he was detained on consent without prejudice to a future bail application. (*See* Dkt. No. 42.) On June 11, 2019, Judge Deborah Batts held a bail hearing and denied Defendant's application for bail. (*See* Dkt. No. 105.)

      Defendant has filed a renewed application for bail, arguing that the COVID-19 pandemic poses a health risk to Defendant in confinement at MCC, warranting his release on bail. (*See* Dkt. No. 155.) The Government has opposed Defendant's application. (*See* Dkt. No. 156.) Defendant has filed a supplemental letter with a declaration of Dr. Homer Venters addressing the conditions at MCC. (*See* Dkt. No. 158.) The Court has reviewed the parties' submissions and heard argument at a telephonic hearing on May 20, 2020.

      Pursuant to 18 U.S.C. § 3142(e), the Court shall order detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In making that assessment, courts are to consider (1) the nature of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness

of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

In addition, the Court may order temporary release under 18 U.S.C. § 3142(i) if "release [is] necessary for preparation of the person's defense or for another compelling reason."  The proper inquiry is a balancing test.  That is, to determine whether release is justified for a "compelling reason," the Court must "balanc[e] the reasons advanced for release against the risks posed by release."  *United States v. Chambers*, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

As Defendant argues, the COVID-19 pandemic presents an extraordinary situation, particularly with respect to prison and jail populations.  "[I]nmates may be at a heightened risk of contracting COVID-19 should an outbreak develop."  *United States v. Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020).  While there is a strong case for reducing jail and prison populations generally during this pandemic, such a goal must be achieved "on a case-by-case basis," considering all relevant factors including, importantly, the danger posed by the defendant's release.  *Id.*  The conditions at MCC have been far from ideal during this pandemic.  As Dr. Venters has concluded, there have been systematic failures to follow CDC guidelines and basic infection control practices at the MCC facility.

Defendant is a 22-year-old man who was born and raised in New York City.  He faces serious charges arising from alleged gang activity including narcotics trafficking, shootings, and violent assaults.  Based on the current charges, he faces a mandatory statutory minimum sentence of 25 years' imprisonment.  He is apparently in good health, and he does not argue that he has any condition that places him at a heightened risk from COVID-19.

Having carefully considered the factors in 18 U.S.C. § 3142(g) and the balancing required by § 3142(i), the Court denies Defendant's bail application for substantially the same reasons advanced by the Government.  Defendant does not appear to have any condition making him more susceptible to COVID-19 infection than any other inmate.  While the conditions at MCC are concerning, the generalized risk associated with those conditions does not outweigh the significant danger that Defendant's release would pose.  This conclusion is based primarily on (1) the nature and seriousness of the charges in this case and the strength of the evidence, (2) the evidence of Defendant's involvement in a violent gang, (3) the evidence that Defendant was at the scene of a shooting and may have been involved in its planning, and (4) the evidence of Defendant's commission of a violent robbery.  "Simply put, the danger to the community presented by [Defendant's] release outweighs, substantially, the danger to himself presented by his incarceration."  *Chambers*, 2020 WL 1530746, at \*1 (quoting *United States v. Conley*, No. 19-CR-131, ECF No. 366, at 2–3 (S.D.N.Y. Mar. 31, 2020)); *see id.* (denying temporary release to asthmatic defendant under § 3142(i)).  The Court concludes that there are no conditions that would reasonably assure the safety of the community if Defendant were released.

Defendant also argues that his detention interferes with his right to counsel.  Due to the extraordinary situation presented by the pandemic, the Bureau of Prisons is currently preventing in-person visits between inmates and counsel.  That restriction is temporary and appears to be reasonable under the present circumstances.  The Bureau of Prisons has taken steps to improve access to remote communications with counsel, including by permitting telephone conferences with counsel.  In light of the procedural status of this case, Defendant is not likely to be prejudiced by the lack of in-person access to counsel in the near future.

Accordingly, Defendant's motion for bail and for temporary release is denied.

The Clerk of Court is directed to close the motion at Docket Number 158.

SO ORDERED.

Dated: June 4, 2020
       New York, New York

                                          _____
                                              J. PAUL OETKEN
                                          United States District Judge